UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| v. | NO. 14-0036 |
| 0.021 ACRES OF LAND, MORE OR LESS, SITUATE IN PARISH OF PLAQUEMINES, STATE OF LOUISIANA, and ESTATE OF VICTOR JONES, JR., ET AL. | SECTION "F" |

ORDER AND REASONS

    Before the Court is the United States' motion for determination of title and request for hearing to determine just compensation. On April 20, 2015, the Court granted the motion insofar as the Court ordered that the issues of ownership and just compensation for the taking of Tract 345E will be resolved by May 13, 2015, on the papers, because no defendant had appeared or answered. On April 21, 2015, the United States filed a certificate of service into the record of this case, certifying that it had served a copy by regular and certified mail of this Court's April 20, 2015 order on those parties listed below. For the reasons that follow, the United States' motion is GRANTED, and the Court hereby resolves the ownership and just compensation issues -- the only issues in this case -- as follows.

1

**Background**

This is a land condemnation case in which the United States has condemned, for the public use of flood protection, a small levee easement consisting of .021 acres of land situated in Plaquemines Parish, Louisiana.

In January 2014 the United States filed this land condemnation action, condemning a perpetual flood protection levee easement over real property, consisting of a total of .021 acres of land, situated in Plaquemines Parish, Louisiana, and designated as Tract No. 345E.[1]  Title vested in the United States upon its deposit of $700.00 into the Court's registry on January 8, 2014.

The United States has identified the persons who may have ownership interest in Tract 345E.  The title company determined that the land had been acquired in 1947 by Victor Jones and Ethel Coleman Jones, who are now both deceased.  A succession for Victor Jones has not been opened; accordingly, the United States has included in the record Schedule E, an entry for "Unknown Heirs, Legatees, Successors and Assigns Having or Claiming an Interest in the Estate of Victor Jones, aka Victor Jones, Sr."  The title company has determined that 14 individuals have ownership interest in the land, due to an Amended Judgment of Possession in the Succession of Ethel Coleman Jones that was recorded in Plaquemines

---

[1] A detailed description of Tract No. 345E is contained in the record at Record Document 2, Schedule B.

Parish in June 2008: Mark Jones, Angelina Jones, Jesse Jones, Kendrell Jones, Clifton Raye, Cal LaFrance, Joshua LaFrance, Yasheka LaFrance, Eric K. Jones, Victor Jones, Jr., Claudette Jones Riddick, Leatrice Jones LaFrance, Loretta Jones Henry, and Claude Jones.  One of the heirs, Victor Jones, Jr., died in 2011; because a succession has not been opened for Victor Jones, Jr., Schedule E includes an entry for "Unknown Heirs, Legatees, Successors and Assigns Having or Claiming an Interest in the Estate of Victor Jones, aka Victor Jones, Jr."[2]  All of these individuals are identified in Schedule E of the Declaration of Taking as interested parties to the action.  None of these individuals have filed an appearance or an answer.  To assist the Court in determining the owners of compensable interests at the time of the taking, the United States has submitted to the Court a preliminary and final title policy, which indicates the owners of record at the time the Lis Pendens was recorded in Plaquemines Parish.  The United States now requests that the Court (1) review the evidence submitted to determine who is entitled to receive just compensation for the 0.021 acres of land involved in this action and (2) make a determination of just compensation pursuant to Federal Rule of Civil Procedure 71.1(h).

---

[2]The United States submits that the obituary states that the sole surviving heir appears to be Angel Jones, who is also listed in Schedule E.

I.

A.
*Ownership*

Federal courts sitting in condemnation cases are authorized to determine who among competing claimants held title to land prior to its condemnation. <u>Clark v. White</u>, 185 F.2d 528, 530 (5th Cir. 1950); <u>United States v. 22,680 Acres of Land</u>, 438 F.2d 75, 77 (5th Cir. 1971); <u>United States v. 1,629.6 Acres of Land</u>, 503 F.2d 764, 766 (3d Cir. 1974); <u>United States v. Atomic Fuel Coal Co.</u>, 383 F.2d 1, 3 (4th Cir. 1967).

Pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, the Court "tries all issues, including compensation, except when compensation must be determined by [a specially constituted tribunal or by a jury]." As the Supreme Court has observed:

> The Rule provides that, except for the single issue of just compensation, the trial judge is to decide all issues, legal and factual, that may be presented . . . . It is for him to decide "all issues" other than the precise issue of the amount of compensation to be awarded.

<u>United States v. Reynolds</u>, 397 U.S. 14, 19-20 (1970). Thus, the Court has jurisdiction to determine whether a defendant-claimant has a compensable interest and is thus entitled to present evidence as to just compensation at a trial on that issue. Rule 71.1(h) reserves this determination, properly disposed of as a preliminary

4

matter, to the Court.[3]

In furtherance of its *amicus curiae* role regarding ownership issues, the United States has identified the persons who may have an ownership interest in Tract 345E; all informed by the title company's review of the chain of title. The United States submits that the following persons appear to have ownership interest in Tract 345E:

1. Claude Jones (possible 11.11% interest)

2. Claudette Jones Riddick (possible 11.11% interest)

3. Leatrice Jones LaFrance (possible 11.11% interest)

4. Loretta Jones Henry aka Loretta Jones (possible 11.11% interest)

5. Eric K. Jones (possible 11.11% interest)

6. Clifton Raye (possible 11.11% interest)

7. Cal LaFrance (possible 3.71% interest)

8. Joshua LaFrance (possible 3.70% interest)

9. Yasheka LaFrance (possible 3.70% interest)

10. Mark Jones (possible 2.78% interest)

11. Jesse Jones (possible 2.78% interest)

12. Angelina Jones (possible 2.78% interest)

13. Kendrell Jones (possible 2.78% interest)

14. Angel Jones (possible 11.11% interest if Victor Jones, Jr.'s sole heir)

---

[3]The United States requests that the Court consider the evidence it has presented to the Court that may support a claim to ownership interest in the tract.

None of these persons have filed either an appearance or an answer. This is so even though the United States published on three occasions in July 2014 in the Times-Picayune its Notice of Condemnation; and even though the United States certified that it served on the claimant-defendants by regular and certified mail this Court's April 20, 2015 Order giving notice that the Court will resolve the ownership and just compensation issues by May 13, 2015. There being no challenge or additional evidence to consider with respect to ownership, the Court is persuaded by the United States' submission, which is based foremost on the preliminary and final title policy on the tract. Considering the evidence presented, the Court finds that this list of 14 individuals comprise the owners of compensable interests (in the percentages listed) in Tract 345E at the time of its taking on January 7, 2014. These individuals are therefore entitled to just compensation for the public taking of Tract 345E.

*B.*
*Just Compensation*

Once the Court determines ownership of the tract as of January 7, 2014, the Court should hold a hearing to determine just compensation. <u>See</u> Fed. R. Civ. P. 71.1(e)(3). Because no jury has been demanded, the Court may make a determination of just compensation. Fed. R. Civ. P. 71.1(h). Rule 71.1(e)(3) suggests that during the trial on just compensation "a defendant -- whether or not it has previously appeared or answered -- may present

evidence on the amount of compensation to be paid and may share in the award."  Although the United States served the claimant-defendants with a copy of this Court's order, which gave notice that the Court would resolve the issues of ownership and just compensation by May 13, 2015, no one has appeared to contest the United States' submission.

The United States submits that it would proffer at any hearing, consistent with what it has already submitted in the paper record, evidence on its estimate that just compensation in the amount of $700.00 is proper and appropriate.  Just compensation is fair market value of the property on the date of its appropriation. <u>Kirby Forest Industries, Inc. v. United States</u>, 467 U.S. 1, 9-10 (1984).  The United States first obtained an appraisal report from Ronald Alexander, estimating $600.00 as just compensation for the real estate interest acquired in the .021 acres of land.  The United States then obtained an informal value estimate for Tract 345E that estimated $700.00 as just compensation for the tract; Huey Marceaux is the appraiser who reviewed and approved the $700.00 estimate.  In its Declaration of Taking for Tract 345E, the United States submits that just compensation in the amount of $700.00 is proper and appropriate.  No party has appeared and, therefore, the United States' just compensation valuation is uncontested.  The record supports a finding that $700.00 is the fair market value of Tract 345E as of January 7, 2014.

Accordingly, the Court determines that $700.00 constitutes just compensation for the taking of the 0.021 acres of condemned land identified as Tract 345E.

IT IS ORDERED: that the United States' motion for determination of tile and to determine just compensation is hereby GRANTED. IT IS FURTHER ORDERED: that prior to title vesting in the United States, ownership of the property was held by the listed individuals in the percentages set forth on page 5 of this Order and Reasons. IT IS FURTHER ORDERED: that the just compensation payable by the United States to the defendants-claimants shall be the sum total of $700.00 for the taking of the Tract 345E. Finally, IT IS FURTHER ORDERED: that the pretrial conference and the trial are hereby cancelled. Within seven days, the United States shall submit a proposed judgment consistent with this Order and Reasons.

New Orleans, Louisiana, May 11, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE